UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -8  A 10: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LEILA SIMON, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action 04-cv-10422-MLW |
| v. | ) |
| | ) |
| UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA and | ) |
| HARVARD YARD CHILD CARE | ) |
| CENTER GROUP SHORT AND | ) |
| LONG TERM DISABILITY PLAN, | ) |
| | ) |
| Defendants | ) |

## ANSWER OF DEFENDANTS

Defendants Unum Life Insurance Company of America and Harvard Yard Child Care Center Group Short and Long Term Disability Plan ("Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### Jurisdiction

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required.

## Parties

5.   Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required.

6.   Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.   Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required.

8.   Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## Statement of Facts

### Insurance Entitlement, Definitions of Disability, Discretion

9.   Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.   Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.   Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.   In response to Paragraph 12 of Plaintiff's Complaint Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

13.   In response to Paragraph 13 of Plaintiff's Complaint Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

14.     In response to Paragraph 14 of Plaintiff's Complaint Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

15.     In response to Paragraph 15 of Plaintiff's Complaint Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

14. [sic]  In response to the second Paragraph 14 of Plaintiff's Complaint Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

15. [sic]  Defendants deny the allegations contained in the second Paragraph 15 of Plaintiff's Complaint.

15. [sic]  In response to the third Paragraph 15 of Plaintiff's Complaint Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

**Ms. Simon's Claim for STD and LTD Benefits**

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

**Job Description**

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**Illness/Basis for Disability**

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

**Ms. Simon's Application For Disability Benefits**

31.     Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     In response to Paragraph 32 of Plaintiff's Complaint Defendants state that the contents of the letter speak for themselves, and they any allegations to the contrary.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants admit the allegations contained in Paragraph 35 of Plaintiff's Complaint.

**Unum's Internal Review of Ms. Cusanelli's Claim for LTD Benefits**

36.     In response to Paragraph 36 of Plaintiff's Complaint Defendants state that the contents of the letter speak for themselves, and they deny any allegations to the contrary.

37.     In response to Paragraph 37 of Plaintiff's Complaint Defendants state that the contents of the letter speak for themselves, and they deny any allegations to the contrary.

**Unum's Initial Denial of Ms. Simon's Claim**

38. In response to Paragraph 38 of Plaintiff's Complaint Defendants state that the contents of the letter speak for themselves, and they deny any allegations to the contrary.

**Ms. Simon's Appeal of Unum's Denial of Her Claim**

39. In response to Paragraph 39 of Plaintiff's Complaint Defendants state that the contents of the letter speak for themselves, and they deny any allegations to the contrary.

**Final Denial**

40. In response to Paragraph 40 of Plaintiff's Complaint Defendants state that the contents of the letter speak for themselves, and they deny any allegations to the contrary.

41. Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. In response to Paragraph 43 of Plaintiff's Complaint Defendants state that the contents of the administrative record speak for themselves, and they deny any allegations to the contrary.

44. In response to Paragraph 44 of Plaintiff's Complaint Defendants state that the contents of the administrative record speak for themselves, and they deny any allegations to the contrary.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

55. Defendants repeat and reallege their answers to the allegations contained in each of the Paragraphs above as if set forth in full herein.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Paragraph 57 of Plaintiff's Complaint states a legal conclusion to which no response is required.

58. Defendants admit the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

64. Defendants repeat and reallege their answers to the allegations contained in each of the Paragraphs above as if set forth in full herein.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

## SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fail to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, those remedies are preempted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant Unum has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

### SIXTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant Unum's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

### SEVENTH DEFENSE

Each and every act or statement done or made by Defendants and their officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

### EIGHTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

### NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendants deny, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

### TENTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

### REQUESTED RELIEF

Defendants respectfully request: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in their favor on such claims; (ii) that

Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: June 7, 2004

                                            Geraldine G. Sanchez
                                            PIERCE ATWOOD
                                            One Monument Square
                                            Portland, ME  04101
                                            (207) 791-1100

                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certified a copy of the within Answer was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

>Mala M. Rafik, Esq.
>Rosenfeld & Rafik
>44 School Street
>Boston, MA  02108

DATED:  June 7, 2004

Geraldine G. Sanchez